Filed 10/21/13  P. v. Coats CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073124 |
| v. | (Super. Ct. No. 07F01689) |
| WILLIAM THOMAS COATS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant William Thomas Coats asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

FACTUAL AND PROCEDURAL HISTORY

In November 2007, a jury found defendant guilty of inflicting corporal injury upon a cohabitant (Pen. Code,[1] § 273.5, subd. (a); count one), criminal threats (§ 422; count two), and false imprisonment (§ 236; count three).[2]  In a bifurcated proceeding, the jury found defendant had three prior robbery convictions that were serious felonies (§ 667,

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    We take judicial notice of our opinion in defendant's direct appeal.  (*People v. Coats* (Oct. 14, 2008, C057674 [nonpub. opn.]; Evid. Code, §§ 452, subd. (d)(1), 459, subd. (a).)  Our procedural history is taken from the present record and the prior opinion.

1

subd. (a)) as well as strikes (§§ 667, subds. (b)-(i), 1170.12). Defendant's *Romero*[3] motion to strike two of the three prior convictions for sentencing purposes was denied. He was sentenced to state prison on count two for 25 years to life plus 15 years for the prior robbery convictions. Sentence on counts one and three was stayed pursuant to section 654. On appeal to this court, we affirmed the judgment and ordered correction of the abstract of judgment.

In December 2012, defendant filed in the trial court a petition for writ of habeas corpus seeking resentencing under section 1170.126 (Proposition 36) and a separate letter asking for recall of sentence and resentencing under that statute. The trial court construed the petition for writ of habeas corpus as a motion for resentencing under section 1170.126.

In January 2013, the trial court denied the motion for resentencing. The trial court found defendant is not eligible for resentencing under section 1170.126 because his current conviction for criminal threats is a serious felony. (§ 1192.7, subd. (c)(38).)

Defendant timely filed a notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental letter brief asking this court to review the trial testimony of the victim and reconcile it with the statutory elements of section 422 (criminal threats). Defendant's section 422 conviction is final. Accordingly, that testimony was not before the trial court in the motion for resentencing and is not included in the record for this appeal.

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The only issue before this court is defendant's motion for resentencing under Proposition 36. Section 1170.126 provides that certain defendants serving an indeterminate sentence under the three strikes law may apply for resentencing by filing a petition for recall of sentence with the trial court. However, a defendant is not eligible for resentencing under Proposition 36 if he or she was convicted of a serious and/or violent felony defined by section 667, subdivision (c), or section 1192.7, subdivision (c). Here, defendant was convicted of criminal threats under section 422, which is defined as a serious felony in section 1192.7, subdivision (c)(38). Thus, defendant is not eligible for resentencing under Proposition 36.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                          HOCH          , J.



We concur:



        RAYE        , P. J.



        BUTZ        , J.


3